OPINION OF THE COURT
John D. Doyle, J.
Defendant has moved this court to reconsider its decision of *791 March 31, 1988 declaring Marvin Flynn a vulnerable witness pursuant to CPL article 65 for the following reasons: (1) article 65 is unconstitutional pursuant to Coy v Iowa (487 US —, 108 S Ct 2798 [1988]); and (2) that defendant is entitled to reopen the vulnerable witness hearing to present proof addressing the issues raised in Coy. The People oppose defendant’s motion and cross-move for an order amending this court’s article 65 decision.
CONSTITUTIONALITY OF ARTICLE 65
CPL article 65 and the Iowa statute discussed in Coy (supra) are just two examples of the way State Legislatures attempt to protect alleged victims of child abuse during court proceedings. At the heart of the debate among the judiciary concerning the efficacy of these statutes is the constitutional right to confrontation and its meaning. Before Coy, State courts construed the United States Supreme Court’s cases on confrontation as promoting cross-examination as the primary objective. These same cases, however, clearly stated a preference for face-to-face confrontation yet acknowledged that public policy and the necessities of a case may dictate otherwise. (See, e.g., People v Algarin, 129 Misc 2d 1016, 1021-1022 [Sup Ct, Bronx County 1986], citing Ohio v Roberts, 448 US 56, 63 [1980]; accord, People v Henderson, 132 Misc 2d 51, 53 [Sup Ct, Queens County 1986]; Wisconsin v Conley, 141 Wis 2d 384, 416 NW2d 69, 72 [Ct App 1987], cert granted — US —, 108 S Ct 2892 [1988]; New Mexico v Tafoya, 105 NM 94, 729 P2d 1371, 1374 [Ct App 1986], cert granted — US —, 108 S Ct 2890 [1988].)* Defendant contends that these rules are no longer valid in light of Coy.
The Coy case (supra) dealt with an Iowa statute which permitted the court to confine a defendant to another room or place him behind a screen or mirror that allows a defendant "to see and hear the child during the child’s testimony, but does not allow the child to see or hear the [defendant]” (Iowa Code § 910A.14 [1]). In addition, the court was required to "take measures to insure that the [defendant] and counsel can confer during the testimony” and to "inform the child that *792 the [defendant could] see and hear the child during testimony.” (Iowa Code § 910A.14 [1].) The Coy trial court opted to use a screen in the courtroom. (Coy v Iowa, 487 US, supra, at —, 108 S Ct, supra, at 2799.)
In the United States Supreme Court’s decision analyzing the Iowa statute and the trial court’s application of that statute, Justice Scalia wrote for the majority emphasizing that face-to-face confrontation is still indeed an important attribute of the Sixth Amendment right to confront one’s accusers (487 US, supra, at —, 108 S Ct, supra, at 2800), and that face-to-face confrontation, in tandem with cross-examination, "ensur[es] the integrity of the fact-finding process.” (Kentucky v Stincer, 482 US 730, 736 [1987].) These two rights, however, were never deemed absolute by the United States Supreme Court in the past and even now could "give way to other important interests” should a significant interest arise. (Coy v Iowa, supra, at —, 108 S Ct, supra, at 2803.) Justice Scalia left the issue of when these rights could safely give way till another day stating that exceptions would be allowed only for important public policy considerations.
Despite forceful argument by the State of Iowa that their Legislature had created such an important public policy by promulgating the statute, Justice Scalia rejected that argument holding that such a presumption without more particularized findings on a case-by-case basis violated the Confrontation Clause and its implicit right to face-to-face confrontation. (Supra.) Thus it appears a trial court must have not only an important policy to further, but evidence of how the statute promoting that policy furthers that interest in each case. (See, Coy v Iowa, 487 US, supra, at —, 108 S Ct, supra, at 2805 [O’Connor, J., concurring]; Craig v Maryland, 76 Md App 250, 544 A2d 789 [Aug. 3, 1988] [Maryland statute permitted one-way televised testimony where witness unable to see or hear defendant and others in courtroom].) Had New York’s article 65 been the subject of the Coy case, it would have passed constitutional muster.
CPL article 65 is very specific regarding what procedure a trial court must follow before it can allow a witness to testify out of the presence of a defendant. First, the witness must be a "vulnerable” witness, i.e, the child will "suffer severe mental or emotional harm”. (CPL 65.10 [1].) The court is required to conduct a hearing and the prosecution must provide proof that the witness would be harmed by testifying and that such harm would be mitigated if the child were permitted to testify *793 pursuant to the procedure in article 65. Assuming the prosecution can make a showing of vulnerability at a hearing and that the article 65 procedure would diminish that harm and the court so determines, then the guidelines of CPL 65.30 must next be met.
The statute provides for simultaneous transmission between the courtroom and the testimonial room. All individuals in the courtroom shall be able to observe the image and hear the voice of the witness and anyone else present in the testimonial room. The image of the jury, the defendant, and the image and voice of the person examining the witness shall be simultaneously transmitted to the testimonial room. (CPL 65.30 [2].) The statute also provides that the examination and cross-examination of the witness be conducted as if all parties were in the same room. (CPL 65.30 [7].) Further, under no circumstances will this procedure be used where the equipment necessary to provide simultaneous transmissions is unavailable. (CPL 65.30 [4].)
There are two very important differences between the Iowa statute in Coy (supra) and New York’s article 65. First, unlike the Coy trial court, the New York trial court must make an individualized finding that a particular witness falls within the ambit of children the statute is designed to protect. This element addresses Justice Scalia’s objections to Legislatures creating blanket exceptions to constitutional rights like the Confrontation Clause. Second, unlike the Coy trial court, the image of the defendant during a New York trial will be before the witness by way of simultaneous television transmission.
The Supreme Court did not hold that the plight of abused children could not be an important policy consideration deserving special treatment by the Legislatures and the courts. The Supreme Court held only that a court must make a determination based on the facts of each case in light of those policy interests before it alters or abrogates a defendant’s constitutional rights.
MARVIN FLYNN
Defendant argues a determination under CPL 65.10 requires: (1) a finding that the witness would suffer harm if required to testify without the use of the procedures outlined above; and (2) a finding that the use of that procedure would prevent or diminish the likelihood of that harm. (CPL 65.10.) Defendant asks this court to reopen the hearing and permit *794 him to offer testimony regarding the second prong of the CPL 65.10 determination. The People object to reopening the hearing contending they offered clear and convincing evidence on both prongs of the determination and that all this court need do is amend its decision to add that the use of the two-way television would diminish the harm likely to befall Marvin Flynn if he was required to testify without the use of the procedure in CPL 65.30.
There is nothing in the Coy decision (supra) that makes this particular finding controversial or of greater import in the statutory scheme of article 65 since the Coy decision was decided. The requirement was placed in the statute by the Legislature well before the United States Supreme Court decided Coy. The fact that defendant failed to present evidence regarding the effectiveness of the article 65 procedures in March 1988 cannot be ameliorated by a motion to reconsider without a basis in overlooked or new law. The motion to reconsider and reopen the hearing is denied, however, the People’s point concerning the decision’s omission of the second prong in the CPL 65.10 determination is well taken and the court grants the People’s motion to amend the March decision to add a second finding that the potential harm to Marvin Flynn would be significantly lessened by use of the live, two-way closed-circuit television due to the fact that, according to Phyllis Schiff, Marvin Flynn fears physical retribution from defendant for going to the authorities with his allegations. Because Marvin Flynn fears the physical presence of defendant, his testimony would be best taken from another room according to the requirements of CPL 65.30.

 The United States Supreme Court remanded both Wisconsin v Conley (141 Wis 2d 384, 416 NW2d 69, cert granted — US —, 108 S Ct 2892) and New Mexico v Tafoya (105 NM 94, 729 P2d 1371, cert granted — US —, 108 S Ct 2890) to their respective highest State courts for reconsideration in light of Coy.